IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Mark W. Taylor, Derivatively on Behalf of Nominal Defendant Apex FW Manager, LLC, | ) ) ) ) | Case No. 2:23-cv-4211-RMG |
| Plaintiff, | ) ) ) | **ORDER AND OPINION** |
| v. | ) ) | |
| Apex Forth Worth Partners, LLC, *et al.*, | ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 16) recommending that this Court dismiss the instant action without prejudice for failure to comply with Fed. R. Civ. P. 4(m). For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint without prejudice.

I.  **Background and Relevant Facts**

This is a civil action by Plaintiff Mark W. Taylor, a pro se litigant. Taylor, an attorney, brings this action derivatively on behalf of Apex FW Manager, LLC.

On September 19, 2023, the Court authorized service of process on Defendants and directed Plaintiff to notify the clerk of any change of address by writing. (Dkt. No. 6). The Court issued summonses that day for Defendants and mailed the same to Plaintiff. (Dkt. Nos. 7-8).

On September 29, 2023, said mail was returned undeliverable. (Dkt. No. 10).

On October 2 and 3, 2023, Plaintiff notified the Court of his change of address and the summonses were remailed to Plaintiff at his updated address on October 2, 2023. (Dkt. Nos. 12-14). This mailing was not returned to the Court as undeliverable.

On February 28, 2024, the Magistrate Judge issued an R&R recommending that the Court dismiss Plaintiff's action without prejudice for failure to comply with Rule 4(m).

Plaintiff did not file objections to the R&R.

## II.  Legal Standard

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## III.  Discussion

Rule 4(m) states that, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Here, well over 90 days have passed since the complaint was filed on August 22, 2023 and Plaintiff has failed to serve Defendants. Plaintiff has not responded to the R&R nor shown "good cause" for his failure to serve Defendants—in which case the Court would have extended the time

-3-

for Plaintiff to serve the complaint as required by Rule 4(m). Accordingly, the Court dismisses the instant action without prejudice against Defendants pursuant to Rule 4(m).

## IV.    Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R as the Order of the Court and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel
Richard Mark Gergel
United States District Court Judge

March 19, 2024
Charleston, South Carolina